IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA )
)
v. ) CR 112-062
)
PAMELA DEAN GARRISON )

**O R D E R**

In the captioned criminal matter, Defendant Pamela Dean Garrison, proceeding pro se, has filed a "Motion for Judicial Intervention for Credit of Time Served in Federal Custody." The Court addresses the motion as follows.

Defendant seeks credit against her federal sentence for time served in the custody of the United States Marshal at the Lincoln County Jail from March 7 to December 7, 2012. Matters of credit for time served and other length of sentence determinations are better directed to the Bureau of Prisons and not this Court. The Attorney General, acting through the Bureau of Prisons, "initially possesses the exclusive authority . . . to compute sentence credit awards after sentencing." Rodriguez v. Lamar, 60 F.3d 745, 747 (11th Cir. 1995). In fact, "an inmate must exhaust [her] administrative remedies with the BOP prior to seeking judicial relief." Id. Thus, Defendant must pursue her administrative remedies through the Bureau of Prisons before seeking judicial review of her sentence. See, e.g., United States v. Flanagan, 868

F.2d 1544, 1546 (11th Cir. 1989).

"Exhaustion of administrative remedies is jurisdictional." United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005). Here, while Defendant states that she has exhausted her administrative remedies, there is no evidence of such; therefore, this Court lacks jurisdiction over the present motion.

Moreover, this is not the proper court for Defendant to bring a challenge to the calculation of her term of imprisonment. A challenge to the calculation of a term of imprisonment is a challenge to the execution of her sentence, which must be brought pursuant to 28 U.S.C. § 2241 in the district of *confinement*. Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991). Accordingly, Defendant's challenge to the calculation of her prison term, once she has exhausted her administrative remedies with the BOP, must be brought in the Middle District of Florida, where she is presently incarcerated.

Upon the foregoing, Defendant's motion (doc. no. 37) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 22nd day of August, 2014.

UNITED STATES DISTRICT JUDGE